IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BAMA BAYOU, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 11-0140-KD-M** |
| ) | |
| **FEDERAL DEPOSIT INSURANCE** ) | |
| **CORPORATION, AS RECEIVER FOR** ) | |
| **SILVERTON BANK, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the motion to dismiss for improper venue or to transfer filed by defendant Federal Deposit Insurance Corporation (FDIC) as receiver of Silverton Bank, N.A., plaintiff's response, and the FDIC's reply (docs 9. 37, 41).  Upon consideration, and for the reasons set forth herein, the motion to dismiss is DENIED, the alternative motion to transfer is GRANTED, and this action is transferred to the Northern District of Georgia.

The FDIC moves the Court to dismiss this action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Alternatively, the FDIC moves the Court to transfer this action pursuant to 12 U.S.C. § 94 and 28 U.S.C. § 1406, to the Northern District of Georgia where Silverton Bank, N.A., has its principal place of business.

Plaintiff responds that the FDIC waived venue because it removed a separate action involving the FDIC and plaintiff to this district court and thus made a "conscious decision . . . to submit itself to the jurisdiction of this court for resolution of the issues between itself and the plaintiff."   Plaintiff also argues that because this action involves reformation of a foreclosure deed for real property located in Baldwin County, Alabama, it is "local" and not "transitory", and therefore, the venue provision of 12 U.S.C. § 94 does not apply and there is no basis to transfer to the Northern District of Georgia.

Section 94 provides that venue is proper in the district where the bank in receivership has it

principal place of business.  The venue statute provides as follows:

> Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located, or, in the event any State, county, or municipal court has jurisdiction over such an action or proceeding, in such court in the county or city in which that association's principal place of business is located.

12 U.S.C. § 94.

The venue provision unambiguously states that venue of any action against the FDIC or against a bank for which the FDIC is a receiver, is proper in the district where the bank's principal place of business is located.  Also, as the FDIC points out, the distinction between transitory and local actions appears to have given way to the 1983 amendment which expressed the intent of Congress for consolidation of actions involving failed banks.  Additionally, plaintiff's argument that the FDIC waived operation of the venue statute by removing a separate case to the Southern District of Alabama is of no consequence.  This district court was the appropriate court for <u>removal</u> purposes.  A determination as to the appropriate court for removal is not based upon the same criteria as determining the appropriate venue for bringing an action against the FDIC or a bank in receivership.

Accordingly, the FDIC has not waived the transfer of this action and the distinction between "local" and "transitory" actions does not persuade the Court to retain this action.  Therefore, the Court finds that transfer to the Northern District of Georgia is appropriate.

**DONE** this the 12th day of July, 2011.

                                               s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE